UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

LANCE KEVIN ANDERSON,
KADEEN EMMANUEL BERWICK,
TRAY MICHAEL CARTER, MARONNE
VILSAINT, MANESSE VILSAINT,
RUBENSON ODEAN,

       Plaintiffs,

v.

CYPRESS COMMUNICATIONS OF S.
FLORIDA, INC., CYPRESS
COMMUNICATIONS, INC., DEAN R. PEZZA,

       Defendants.
_____/

## COMPLAINT
*{Jury Trial Demanded}*

Plaintiffs, LANCE KEVIN ANDERSON, KADEEN EMMANUEL BERWICK, TRAY MICHAEL CARTER, MARONNE VILSAINT, MANESSE VILSAINT and RUBENSON ODEAN, bring this action against Defendants, CYPRESS COMMUNICATIONS OF S. FLORIDA, INC., CYPRESS COMMUNICATIONS, INC., and DEAN R. PEZZA, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 201 et seq., and allege as follows:

1. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

2. At all times material hereto, Plaintiffs LANCE KEVIN ANDERSON, KADEEN EMMANUEL BERWICK, TRAY MICHAEL CARTER, MARONNE VILSAINT, MANESSE VILSAINT, and RUBENSON ODEAN were residents of the State of Florida and "employees" of Defendants as defined by the FLSA.

3. Defendants regularly engaged in busines in Broward County, Florida.

4. At all times material hereto, Defendant, CYPRESS COMMUNICATIONS OF S. FLORIDA, INC., was a Florida corporation with its principal place of business in South Florida, engaged in commerce in the field of telecommunications repair and installation, at all times material hereto was the "employer" of Plaintiffs as that term is defined under statutes referenced herein, engaged along with its employees in interstate commerce, and has annual gross sales and/or business volume of $500,000 or more.

5. At all times material hereto, Defendant, CYPRESS COMMUNICATIONS, INC., was a Florida corporation with its principal place of business in South Florida, engaged in commerce in the field of telecommunications repair and installation, at all times material hereto was the "employer" of Plaintiffs as that term is defined under statutes referenced herein, engaged along with its employees in interstate commerce, and has annual gross sales and/or business volume of $500,000 or more.

6. At all times material hereto, Defendants, CYPRESS COMMUNICATIONS, INC. and CYPRESS COMMUNICATIONS OF S. FLORIDA, INC., were a single enterprise under the Fair Labor Standards Act, performed related activities through unified operation and common control for a common business purpose, engaged along with their employees in interstate commerce, and have an annual gross sales and/or business volume of $500,000 or more.

7. At all times material hereto, Defendants, CYPRESS COMMUNICATIONS, INC. and CYPRESS COMMUNICATIONS OF S. FLORIDA, INC., were joint employers of Plaintiffs under the Fair Labor Standards Act, shared Plaintiffs' services, had Plaintiffs acting in the interest of each business, and shared common control of Plaintiffs.

8. At all times material hereto, Defendant, DEAN R. PEZZA, is a resident of Palm Beach County, Florida and a manager of Defendants, CYPRESS COMMUNICATIONS, INC. and

CYPRESS COMMUNICATIONS OF S. FLORIDA, INC., controlled Plaintiffs' duties, hours worked, and compensation, and managed the day-to-day operations of CYPRESS COMMUNICATIONS, INC. and CYPRESS COMMUNICATIONS OF S. FLORIDA, INC. Accordingly, DEAN R. PEZZA was and is an "employer" of the Plaintiffs within the meaning of 29 U.S.C. §203(d).

9.  Two or more of Defendants' employees handled tools, supplies, and equipment manfuactured outside Florida in furthernace of their business including but not limited to phones, computers, computer monitors, computer keyboards, computer mice, pens, and paper.

10. Plaintiff LANCE KEVIN ANDERSON worked for Defendants as a technician.

11. Plaintiff KADEEN EMMANUEL BERWICK worked for Defendants as a technician.

12. Plaintiff TRAY MICHAEL CARTER worked for Defendants as a technician.

13. Plaintiff MARONNE VILSAINT worked for Defendants as a technician.

14. Plaintiff MANESSE VILSAINT worked for Defendants as a technician.

15. Plaintiff RUBENSON ODEAN worked for Defendants as a technician.

16. Defendants failed to pay Plaintiffs' full and proper overtime wages of 1.5 times Plaintiffs' regular hourly rates for hours worked over 40 each week.

17. Defendants failed to pay Plaintiffs MARONNE VILSAINT, and MANESSE VILSAINT their full and proper minimum wages.

18. Attached as Exhibit A, Exhibit B, Exhibit C, Exhibit D, Exhibit E and Exhibit F are preliminary calculations of Plaintiffs' claims. These amounts may change as Plaintiffs engage in the discovery process.

19. Defendants have knowingly and willfully refused to pay Plaintiffs' legally-entitled wages.

20. Plaintiffs have complied with all conditions precedent to bringing this suit, or same have been waived or abandoned.

21. Plaintiffs have retained the services of the undersigned and are obligated to pay for the legal services provided.

## COUNT I
## VIOLATION OF FAIR LABOR STANDARDS ACT ("FLSA")
## ALL DEFENDANTS

22. Plaintiff realleges and incorporates the allegations set forth in paragraphs 1-21 above as if set forth herein in full.

23. Plaintiff alleges this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 216 (b), that Plaintiff is entitled to: (i) unpaid minimum wages;[1] (ii) time-and-a-half overtime pay, and (iii) liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.

24. Plaintiff seeks recovery of damages as referenced above and further seeks interest, costs, and attorneys' fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, plus costs, reasonable attorneys' fees, and such other remedy as the court deems just and appropriate.

Respectfully submitted,

Koz Law, P.A.
320 S.E. 9th Street
Fort Lauderdale, Florida 33316
Phone: (786) 924-9929
Fax:    (786) 358-6071
Email: ekoz@kozlawfirm.com

_____
Elliot Kozolchyk, Esq.
Bar No.: 74791

---

[1] As to Plaintiffs MARONNE VILSAINT and MANESSE VILSAINT.